Original

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 3 1 2011 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE

PATRICK ALFORD, and

PATRICK ALFORD, JR., a minor,
by PATRICK ALFORD, JR and his father and natural
and legal guardian, PATRICK ALFORD., and

JAILEANE ALFORD, a minor,
by JAILEANE ALFORD and her father and natural
and legal guardian, PATRICK ALFORD,

CV 11 - 1583

VITALIANO, J.

REYES, M.J

Plaintiffs,

**COMPLAINT AND
JURY DEMAND**

-against-

THE ADMINISTRATION FOR CHILDREN'S SERVICES, and

THE CITY OF NEW YORK, and

ST. VINCENT'S SERVICES, INCORPORTED, and

LIBRADA MORAN, and

STARRETT CITY, INC.

Defendants.

**PRELIMINARY STATEMENT**

1. This is a civil rights action brought by Plaintiff, PATRICK ALFORD, both

   individually, and as the father and natural and legal guardian of co-plaintiffs,

   PATRICK ALFORD, JR., an infant, and JAILEANE ALFORD, an infant, and by

   PATRICK ALFORD, JR., individually and by JAILEANE ALFORD,

   individually, which seeks damages and redress for the defendants violation, under

1

color of state law or action, of the rights of the plaintiffs secured by the Civil

Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983, the Fourth Amendment,

and the Equal Protection Clauses of the Fourteenth Amendment to the United

States Constitution and/or the laws and Constitution of the State of New York.

## JURISDICTION

2. This is an action seeking damages for the violation of Plaintiffs Constitutional and

Civil Rights. This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S. C. § 1331 and 28 U.S.C. 1343 (3). Plaintiff's further invokes

the pendant jurisdiction of this Court pursuant to 28 U.S.C. 1367(a) to hear and

adjudicate state law claims which arise from and/or form part of the same case or

controversy. Claims for declaratory and/or injunctive relief are authorized by 28

U.S. C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. The amount of damages in controversy exceeds Seventy Five Thousand

($75,000.00) Dollars, exclusive of interest and costs.

4. The Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

5. Venue in the United State District Court for the Eastern District of New York is

proper under 28 U.S.C. §1391 (a), (b) and (c) because as the facts and

circumstances giving rise to this action took place within the jurisdictional limits

of the Eastern District of New York and plaintiffs reside within the jurisdictional

limits of the Eastern District of New York.

## PARTIES

6. At all times relevant hereto Plaintiff, PATRICK ALFORD, was, and is, an adult individual and a United States Citizen who resides at 1138 Blake Avenue, Brooklyn, New York, New York 11208.

7. At all times relevant hereto Plaintiff, PATRICK ALFORD, was, and is, the father and natural and legal guardian of the infant plaintiff, PATRICK ALFORD, JR.

8. At all times relevant hereto Plaintiff, PATRICK ALFORD, was, and is, the father and natural and legal guardian of the infant plaintiff, JAILEANE ALFORD.

9. At all times relevant hereto Plaintiff, PATRICK ALFORD, JR., was a minor, having been born on November 28, 2002, and a United States citizen and resident of the United States who resided at 80 Van Buren Street, Staten Island, New York.

10. At all times relevant hereto Plaintiff, JAILEANE ALFORD, was a minor, having been born on April 9th, 2005, and is a United States citizen and resident of the United States who resided at 80 Van Buren Street, Staten Island, New York.

11. The plaintiff's, PATRICK ALFORD, JR. and JAILEANE ALFORD, are siblings.

12. At all times relevant hereto Defendant ADMINISTRATION FOR CHILDREN'S SERVICES was, and is, a municipal agency of the Defendant CITY OF NEW YORK. At all times relevant hereto, the officials, agents and employees of the ADMINISTRATION FOR CHILDREN'S SERVICES were acting under the

color of State law in the course and scope of their duties and functions as agents, servants, employees and officials of Defendant ADMINISTRATION FOR CHILDRENS SERVICES and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. The officials, agents and employees were acting for, and on behalf of, Defendant ADMINISTRATION FOR CHILDREN'S SERVICES at all times relevant herein with the power and authority vested in them as attorneys, caseworkers, investigators, agents and employees of Defendant ADMINISTRATION FOR CHILDREN'S SERVICES and the CITY OF NEW YORK and incidental to their lawful pursuit of their duties as officials, employees and agents of DEFENDANT ADMINISTRATION FOR CHILDREN'S SERVICES.

13. At all times relevant hereto Defendant CITY OF NEW YORK was, and is, a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain the ADMINISTRATION FOR CHILDRENS SERVICES which acts as its agent in the area of protecting the safety and welfare of children within the CITY OF NEW YORK and for providing parents, foster parents, foster care agencies, and its own employees with the resources and guidance to carry out its mission to protect children within its jurisdiction, and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of the ADMINISTRATION FOR CHILDRENS SERVICES and the employment of attorneys, investigators, case workers and others as said risk attaches to the public consumers of the services provided by defendant ADMINISTRATION FOR CHILDRENS SERVICES.

4

14. At all times relevant hereto, defendant, ST. VINCENTS SERVICES, INCORPORATED, was a domestic corporation, organized and existing pursuant to, and by virtue of, the laws of the State of New York.

15. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED was a New York limited liability company, organized and existing pursuant to, and by virtue of, the laws of the State of New York and was authorized to do business in the State of New York.

16. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED was a New York not-for-profit corporation, organized and existing pursuant to, and by virtue of, the laws of the State of New York, and was authorized to do business in the State of New York.

17. At all times relevant hereto, defendant, ST. VINCENTS SERVICES, INCORPORATED, was a domestic partnership, proprietorship, or other domestic business entity authorized to do business, and doing business, in the State of new York.

18. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED, was a foreign corporation authorized to do business in the State of New York, which conducted business in the State of New York and derived substantial revenue from the State of New York.

5

19. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED was authorized to do business, and was doing business, in the State of New York.

20. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED, maintained an office within the State of New York, at 66 Boerum Street, Brooklyn, New York 11206.

21. At all times relevant hereto, defendant ST. VINCENTS SERVICES, INCORPORATED, its agents, employees, and/or servants did commit a tortious act within the State of New York.

22. At all times relevant hereto defendant, ST. VINCENTS SERVICES, INCORPORATED, was, and is, a foster care agency duly existing under and by virtue of the laws of the State of New York.

23. At all times relevant hereto, defendant ST. VINCENTS SERVICES, INCORPORATED, was, and is, a foster care agency doing business in the State of New York.

24. At all times relevant hereto, defendant, LIBRADA MORAN , was an individual residing at 130 Vandalia Avenue, 11B, Brooklyn, New York 11239.

25. At all times relevant hereto defendant, LIBRADA MORAN, was a foster care mother providing foster care under the authorization, supervision, management and/or control of defendants THE ADMINISTRATION FOR CHILDRENS

6

SERVICES and THE CITY OF NEW YORK and ST. VINCENTS SERVICES, INCORPORATED .

26. At all times relevant hereto defendant LIBRADA MORAN was the foster care mother for plaintiff, PATRICK ALFORD, JR.

27. The defendant, LIBRADA MORAN, did commit a tortious act within the State of New York.

28. At all times relevant hereto, defendant, STARRETT CITY, INC., was a domestic corporation, organized and existing pursuant to, and by virtue of, the laws of the State of New York.

29. At all times relevant hereto defendant, STARRETT CITY, INC., was a New York limited liability company, organized and existing pursuant to, and by virtue of, the laws of the State of New York and was authorized to do business in the State of New York.

30. At all times relevant hereto defendant, STARRETT CITY, INC., was a New York not-for-profit corporation, organized and existing pursuant to, and by virtue of, the laws of the State of New York, and was authorized to do business in the State of New York.

31. At all times relevant hereto, defendant, STARRETT CITY, INC., was a domestic partnership, proprietorship, or other domestic business entity authorized to do business, and doing business, in the State of New York.

7

32. At all times relevant hereto defendant, STARRETT CITY, INC., was a foreign corporation authorized to do business in the State of New York, which conducted business in the State of New York and derived substantial revenue from the State of New York.

33. At all times relevant hereto defendant, STARRETT CITY, INC., was authorized to do business, and was doing business, in the State of New York.

34. At all times herein, defendant STARRETT CITY, INC., maintained an office located at 150 East 58th Street, 23rd Floor, New York, New York 10155.

35. At all times relevant hereto defendant, STARRETT CITY, INC., owned, operated, supervised, managed and controlled the premises located at 130 Vandalia Avenue, Brooklyn, New York.

36. The defendant, STARRETT CITY, INC., its agents, employees, and/or servants, did commit a tortious act within the State of New York.

## FACTUAL ALLEGATIONS

37. The plaintiff, PATRICK ALFORD, is the father of plaintiffs PATRICK ALFORD, JR., and JAILEANE ALFORD.

38. On or about December 29th, 2009, said children were under the care of their mother, Jennifer Rodriguez.

39. On or about December 29th, 2009 agents, servants or employees of the
ADMINISTRATION FOR CHILDREN'S SERVICES removed infant PATRICK
ALFORD, JR., from the home of Blanca Toleda, his mother's aunt in Brooklyn,
New York.

40. On or about December 29th, 2009 agents, servants, or employees of the
ADMINISTRATION FOR CHILDREN'S SERVICES removed infant
JAILEANE ALFORD, from Jennifer Rodriguez's home located at 80 Van Buren
Street, Staten Island, New York.

41. At all times herein, the agents, servants or employees of the ADMINISTRATION
FOR CHILDREN'S SERVICES were acting under the color of law in their
official capacity as agents, servants or employees of defendant the
ADMINISTRATION FOR CHILDREN'S SERVICES and the CITY OF NEW
YORK.

42. On information and belief, at some time between December 29th, 2009 and
January 6th, 2010, Defendants CITY OF NEW YORK, ADMINISTRATION
FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES,
INCORPORATED placed the subject child PATRICK ALFORD, JR., in the care
of defendant LIBRADA MORAN, a foster mother, at her residence located at 130
Vandalia Street, 11B, Brooklyn, New York.

9

43. On or about January 22nd, 2010 defendants did approve plaintiff PATRICK
   ALFORD as a suitable caretaker for the children and was authorized by the Court
   to return the children to him.

44. On or about January 22nd, 2010 defendants did return the child, JAILEANE
   ALFORD, to him.

45. On or about January 22nd, 2010, the defendants failed to return the Child,
   PATRICK ALFORD, JR., to the plaintiff, PATRICK ALFORD, despite having
   approved and authorized the return of the child and despite having been
   authorized by the Court to do so.

46. On or about January 22nd, 2010 defendants failed to return the child, PATRICK
   ALFORD, JR., to plaintiff PATRICK ALFORD.

47. On or about January 22nd, 2009 the child, PATRICK ALFORD did go missing
   from, and did disappear from, the care of defendant LIBRADA MORAN.

48. The defendants failure to return the child, PATRICK ALFORD, JR. to the care of
   his father, PATRICK ALFORD, is ongoing and continues to the present.

49. Defendants do not know the whereabouts of the child PATRICK ALFORD, JR.,
   despite that the child remains in their care pursuant to said removal.

50. Defendants are under a duty to return the infant child, PATRICK ALFORD, JR.,
   to plaintiff PATRICK ALFORD.

10

51. Defendants have breached said duty in that they have failed to return said infant tom the care of plaintiff PATRICK ALFORD, which failure is ongoing and continues to the present time.

52. Defendants have breached their duty to reunite the child PATRICK ALFORD, JR. with his father, plaintiff PATRICK ALFORD.

53. At all times relevant hereto defendants were under a duty to safeguard the welfare of the child, PATRICK ALFORD, JR.

54. The defendants have breached their duty to safeguard the welfare of the child, PATRICK ALFORD, JR.

55. Upon information and belief based on official court records and statements made by Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were aware that PATRICK ALFORD, JR., was extremely distraught at his placement in foster care with defendant LIBRADA MORAN.

56. Upon information and belief, based on statements made by defendants and official court records, the Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were aware that PATRICK ALFORD, JR., was trying to run away from his foster care home.

11

57. Upon information and belief, based on statements from witnesses, defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were notified that PATRICK ALFORD, JR., required care greater that he was receiving in foster care.

58. Upon information and belief, based on statements from witnesses, defendant LIBRADA MORAN stated that PATRICK ALFORD, JR., was trying to run away from the care of LIBRADA MORAN.

59. Upon information and belief, based on statements made from witnesses, Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, placed PATRICK ALFORD, JR., with LIBRADA MORAN despite being aware that MS. MORAN did not speak English and the child did not speak Spanish.

60. Upon information and belief based on statements made from witnesses, Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were aware that PATRICK ALFORD made statements evincing intent to commit suicide.

61. Upon information and belief, Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN failed to take

12

appropriate action to provide PATRICK ALFORD, JR., with the care necessary to keep him safe from harm, despite having been notified and aware of the dangerous condition the child was in.

62. On or about the 29th day of March, 2010, the plaintiff served the defendant, CITY OF NEW YORK with a Notice of Claim in the within action.

63. More than 90 days have elapsed since the service of plaintiff's notice of claim and defendants, the CITY OF NEW YORK and THE ADMINISTRATION FOR CHILDRENS SERVICES, have failed and/or refused to compromise said claim.

64. The said claims are submitted within the time provided by law.

65. The causes of action which are the subject of this litigation arose in the City and State of New York, Counties of Kings and Richmond, all within the jurisdiction of the United States District Court, Eastern District of New York.

66. At the time and place aforesaid, the infant plaintiff was under the supervision, care and custody of Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN their agents, servants and/or employees.

67. At the time and place aforesaid, these defendants, their agent servants and/or employees were under an obligation to use reasonable care for the protection of the infant plaintiff.

13

68. At the time and place aforesaid, these defendants, their agents, servants and/or employees were under an obligation to use reasonable care to prevent harm and other abuses of the infant plaintiff.

69. At the time and place aforesaid, these defendants, their agents, servants and/or employees were under an obligation to use reasonable care in the selection of foster care agencies.

70. At the time and place aforesaid, these defendants, their agents, servants and/or employees were under an obligation to use reasonable care in the supervision of foster care agencies.

71. At the time and place aforesaid, these defendants, their agents, servants and/or employees were under an obligation to use reasonable care in the selection of foster homes.

72. At the time and place aforesaid these defendants, their agents, servants and/or employees were under an obligation to user reasonable care in the supervision of foster homes.

73. At the times and places aforesaid, these defendants owed a duty to prevent the unnecessary separation of PATRICK ALFORD, JR.

74. At the times and places aforesaid, these defendants owed a duty to provide the appropriate care and treatment for the infant plaintiff.

75. At the times and places aforesaid, the defendants owed a duty to make reasonable efforts to provide the child with a single home environment containing structure, consistency and predictability.

76. At the times and places aforesaid, the defendants owed a duty to make reasonable efforts to provide the child with the same educational opportunities the child received before he was placed in foster care and to receive a primary education with structure, consistency and predictability.

77. At all times mentioned herein, the defendants, CITY OF NEW YORK and the ADMINISTRATION FOR CHILDRENS SERVICES provided supervision and/or rules and regulations to ST. VINCENTS SERVICES, INCORPORATED and LIBRADA MORAN.

78. The municipal defendants had a duty to supervise the foster care agencies in their selection of foster homes.

79. The municipal defendants had a duty to supervise the development of the infant plaintiff while in foster care.

80. The municipal defendants had a duty to supervise the foster care family.

81. The municipal defendants had a duty to instruct the foster families with respect to the infant plaintiff.

82. The municipal defendants had a duty to provide the infant plaintiff with reasonable care, assistance and attention.

15

83. At the time and place aforesaid, the rules and regulations of defendant provided that infants under their custody and control should not be neglected or left alone.

84. At the time and place aforesaid, the municipal defendants had a duty to supervise the activities of the foster family to assure that infants under their care are not unsupervised, or intentionally or unintentionally placed in harm.

85. At the time and place aforesaid, these defendants had a duty to investigate complaints concerning neglect of the infant plaintiff.

86. At the time and pace aforesaid, the defendants had a duty to instruct the foster families as to the care, treatment and supervision of the infant plaintiff.

87. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., to take appropriate action concerning abuse and/or neglect of the infant child.

88. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant Patrick Alford, Jr. to investigate reports concerning abuse and/or neglect of the infant child.

16

89. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., following complaints, to remove him from his foster parent should there be notice that the infant was at serious risk of abuse and/or neglect by the foster parent.

90. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., following complaints, to institute appropriate Court proceedings to prevent the abuse and/or neglect of the infant child when such situations exists.

91. At all times mentioned herein, the Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., following complaints, to take reasonable measures to investigate as to whether or not there was a basis for complaints of abuse and/or neglect of the infant plaintiff.

92. At all times mentioned herein, the Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., following complaints, to ascertain whether or

17

not the foster parents(s) were mentally and/or otherwise fit to care and provide for the child.

93. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., following complaints, to perform an investigation which was reasonably designed to yield the information.

94. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD following complaints, to perform an investigation which was reasonably designed to yield information with reasonable speed and expeditiousness.

95. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., to take remedial action when indicated, following reports of abuse and/or neglect by the foster parent(s).

96. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the

18

infant(s) following complaints, to institute appropriate Family Court and/or other proceedings for the protection of the infant plaintiff.

97. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant(s) following complaints, to institute Family Court and/or other proceedings for the protection of the infant plaintiff with reasonable expeditiousness.

98. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant PATRICK ALFORD, JR., to take remedial action which would be in the best interest of the infant plaintiff.

99. At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff to comply with those rules and regulations governing the performance of their duties which were designed for protection of infants situated in a same or similar position as the infant plaintiff.

100.    At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the

19

infant plaintiff to, once they undertook a duty to protect the infant plaintiff, not to do so negligently, recklessly, carelessly or intentionally to cause harm to infant plaintiff.

101.    At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff to, once they undertook a duty to protect the infant plaintiff, not to do so belatedly.

102.    At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff, once they undertook their duty to protect the infant plaintiff, to take appropriate action to reunite him with his father, plaintiff PATRICK ALFORD.

103.    At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the plaintiff PATRICK ALFORD, once they undertook their duty to protect the infant PATRICK ALFORD, JR., to take appropriate action to reunite plaintiff PATRICK ALFORD, with his son, PATRICK ALFORD, JR.

104.     At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff, once they undertook their duty to protect the infant plaintiff, to take appropriate action to reunite him with his sister, plaintiff JAILEANE ALFORD.

105.     At all times mentioned herein, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff to comply with those rules and regulations governing the performance of their duties which were designed for protection of the infant situated in a same or similar position as the infant plaintiff herein.

106.     The defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN violated the duties set forth in the within complaint with respect to the infant PATRICK ALFORD, JR.

107.     Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN received numerous complaints concerning the infant plaintiff PATRICK ALFORD, JR., on a regular and continuing basis from January 6, 2010 until January 22, 2010. Said complaints consisted of information

21

that said infant was in extreme distress and required care greater than he was receiving from the defendants mentioned herein.

108.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN observed behavior from the said infant which further placed them on notice that the said infant was trying to run away from the foster home.

109.    The aforesaid reports and/or complaints consisted of, among other things, reports and/or neglect allegations concerning the infant plaintiff, PATRICK ALFORD, JR.

110.    The Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN failed to take appropriate action with respect to the aforesaid reports and observations.

111.    The Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN failed to affirmatively protect the infant Patrick Alford, Jr.

112.    On or about January 7th, 2010 the child JAILENE ALFORD was observed to be messy, unkempt and to have scratches on her face.

113.    On or about January 7th, 2010 the child PATRICK ALFORD, JR., was observed to be messy, unkempt and in an extreme state of distress, in that the boy

22

was trying to run away from the visit, was trying to break a glass window, was crying, and begging to come home and was acting in a manner that he normally never acted in.

114.    On information and belief, thereafter numerous complaints to defendant ST. VINCENTS SERVICES concerning the care and treatment PATRICK ALFORD, JR., were made.

115.    Upon receipt of the aforesaid complaints, these defendants owed a duty to the infant plaintiffs to expeditiously perform an investigation of the incident contained in the report.

116.    Upon receipt of the aforesaid complaints the Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff to expeditiously determine whether or not the reports did contain a factual basis.

117.    Upon receipt of the aforesaid complaints, the Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a duty to the infant plaintiff to institute appropriate Court proceedings within a reasonable time and a reasonable manner for the protection of the infant.

118.    At the time of receiving the aforesaid complaints, the defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST.

23

VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN owed a
duty to the infant plaintiff to give the report sufficient priority so that the
defendants would reasonably attempt to prevent further abuse and/or neglect.

119.    At the time of receiving the aforesaid complaints, these defendants owed a
duty to the infant plaintiff to investigate the reports with sufficient speed so that
reasonable efforts would be made to prevent further abuse or neglect of the infant
plaintiff.

120.    At the time of receiving the aforesaid complaints, the defendants owed a
duty to the infant plaintiff to comply with their own rules and regulations with
respect to assigning priorities to the report.

121.    At the time of receiving the aforesaid complaints, the defendants owed a
duty to the infant plaintiff to act with reasonable care and to assign reasonable
priorities to the report.

122.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR
CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and
LIBRADA MORAN failed to take appropriate action after receiving said
complaints.

123.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR
CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and
LIBRADA MORAN failed to take appropriate action to protect Patrick Alford, Jr.
from further abuse and or neglect.

124.    By failing to take appropriate action, the defendants failed to perform their duty with respect to the infant plaintiff to give the complaints and observations sufficient priority so that defendants would reasonably attempt to prevent further abuse and or neglect.

125.    By failing to take appropriate action, the defendants failed to perform their duty with respect to the infant plaintiff to assign the complaints and observations sufficient priority so that reasonable efforts would be made to prevent further abuse and or neglect of the infant plaintiff.

126.    By failing to take appropriate action, the defendants failed to perform their duty with respect to the infant plaintiff to comply with their own rules and regulations with respect to assigning priorities to the complaints and observations.

127.    By failing to take the appropriate action, the defendants failed to perform their duty with respect to the infant plaintiff to act with reasonable care and to assign reasonable priorities to the complaints and observations.

128.    On or about January 22nd, 2010, Patrick Alford, Jr. was in the care of Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN and said child has gone missing since that date.

129.    On or about January 22nd, 2010, Patrick Alford, Jr. was in the care of Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR

CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN and has not been seen since that date and his whereabouts remain unknown.

130.    On or about the 22nd day of January 2010, at approximately 9:00pm, the infant PATRICK ALFORD, JR. was left alone and unsupervised in either the public hallway of the foster mother's home or inside the foster mother's home, at 130 Vandalia Avenue, 11B, Brooklyn, New York, and the infant plaintiff, PATRICK ALFORD, JR., has not been seen since that time.

131.    The infant PATRICK ALFORD, JR., has not been seen since he was left alone unsupervised in the foster mother's building in the public hallway or inside the home.

132.    On or about January 22nd, 2010 the infant PATRICK ALFORD, JR., was not provided with adequate supervision by the foster mother and as a result has gone missing.

133.    No fault, act or negligence on the part of the infant plaintiff caused and/or contributed hereto.

134.    No fault, act or negligence on the part of the plaintiff PATRICK ALFORD caused and or contributed to the injuries complained of herein.

26

135.    The infant plaintiff PATRICK ALFORD, JR. was *non sui juris* at the time

of the occurrence and was not of an age where he was capable of committing any

act of negligence.

## FIRST COUNT

### FEDERAL CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD, AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDREN'S SERVICES, ST.VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN
### Violation of the Rights secured by 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution

136.    Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

137.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR

CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and

LIBRADA MORAN, violated the rights of the plaintiff, PATRICK ALFORD,

guaranteed under 42 U.S. C. 1983 and the Fourteenth Amendment to the

Constitution in that, while acting under the color of state law, caused, allowed,

and contributed to the disappearance of the child, PATRICK ALFORD, JR., on or

about, January 22nd, 2009, which disappearance is ongoing and continues to the

present time.

138.    Defendants have deprived the plaintiff PATRICK ALFORD of the

custody, care, society, company, and supervision of his son, PATRICK ALFORD,

JR.

139.     Defendants were acting in the course and scope of their duties, functions, and responsibilities as THE CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES, INCORPORATED, when said child disappeared.

140.     The actions of Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were the sole and proximate cause of the damages alleged herein, with no contribution thereto by the plaintiff PATRICK ALFORD.

## SECOND COUNT

**FEDERAL CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD, AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDREN'S SERVICES, ST.VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN**
**Violation of the Right secured by 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

141.     Plaintiffs repeat, re-allege, and incorporate each and every allegation and statement set forth in each of the previous paragraphs as though fully set forth herein.

142.     Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN acting under color of State Law, violated plaintiff's rights under 42 U.S. C. 1983 and the Fourteenth Amendment to the Constitution in failing to return the child, PATRICK ALFORD, JR., to the plaintiff, PATRICK ALFORD and thereby depriving him of his child.

143.     Defendants have deprived the plaintiff PATRICK ALFORD of the

custody, care, society, company, and supervision of his son, PATRICK ALFORD,

JR.

144.     Defendants were acting in the course and scope of their duties, functions,

and responsibilities as THE CITY OF NEW YORK, THE ADMINISTRATION

FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES,

INCORPORATED, when said failure to return the child occurred, which failure is

ongoing and continues to the present time.

145.     The actions of Defendants CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS

SERVICES, INCORPORATED, and LIBRADA MORAN were the sole and

proximate cause of the damages alleged herein, with no contribution thereto by

the plaintiff PATRICK ALFORD.

## THIRD COUNT

**FEDERAL CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD,
AGAINST DEFENDANTS CITY OF NEW YORK, THE
ADMINISTRATION FOR CHILDREN'S SERVICES, ST.VINCENTS
SERVICES, INCORPORATED, and LIBRADA MORAN
Violation of the Rights secured by 42 U.S.C. 1983 and the Fourteenth
Amendment to the United States Constitution**

146.     Plaintiff repeats, re-alleges, and incorporates each and every allegation

and statement set forth in each of the previous paragraphs as though fully set forth

herein.

147.     Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR

CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and

LIBRADA MORAN, acting under the color of State law, violated 42 U.S.C. 1983 by unlawfully allowing Patrick Alford, Jr. to go missing despite having been aware and notified that he was at risk of such an event occurring.

148.    Defendants have deprived the plaintiff PATRICK ALFORD of the custody, care, society, company, and supervision of his son, PATRICK ALFORD, JR.

149.    Defendants were acting in the course and scope of their duties, functions, and responsibilities as THE CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES, INCORPORATED, when occurrence took place.

150.    That the actions of CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN were proximate cause of the plaintiff's damages alleged herein, with no contribution on the part of the plaintiff.

## FOURTH COUNT

**FEDERAL CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD, JR., AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDREN'S SERVICES, ST.VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN**
**Violation of the Rights secured by 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

151.    Plaintiffs repeat, re-allege, and incorporate each and every allegation and statement set forth in each of the previous paragraphs as though fully set forth herein.

152.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR
CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and
LIBRADA MORAN, violated the rights of the plaintiff, PATRICK ALFORD,
JR., guaranteed under 42 U.S. C. 1983 and the Fourteenth Amendment to the
Constitution in that, while acting under the color of state law, caused, allowed,
and contributed to the disappearance of the plaintiff, PATRICK ALFORD, JR.,
on or about, January 22nd, 2009, which disappearance is ongoing and continues to
the present time.

153.    Defendants have deprived the plaintiff PATRICK ALFORD of the
custody, care, society, company, and supervision of his father, PATRICK
ALFORD.

154.    Defendants were acting in the course and scope of their duties, functions,
and responsibilities as THE CITY OF NEW YORK, THE ADMINISTRATION
FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES,
INCORPORATED, when said child disappeared.

155.    The actions of Defendants CITY OF NEW YORK, THE
ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS
SERVICES, INCORPORATED, and LIBRADA MORAN were the sole and
proximate cause of the damages alleged herein, with no contribution thereto by
the plaintiff PATRICK ALFORD, JR.

## **FIFTH COUNT**

### **FEDERAL CLAIM ON BEHALF OF PLAINTIFF, JAILEANE ALFORD,
AGAINST DEFENDANTS CITY OF NEW YORK, THE**

31

**ADMINISTRATION FOR CHILDREN'S SERVICES, ST.VINCENTS
SERVICES, INCORPORATED, and LIBRADA MORAN
Violation of the Rights secured by 42 U.S.C. 1983 and the Fourteenth
Amendment to the United States Constitution**

156.    Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

157.    Defendants CITY OF NEW YORK, THE ADMINISTRATION FOR

CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and

LIBRADA MORAN, violated the rights of the plaintiff, JAILEANE ALFORD,

guaranteed under 42 U.S. C. 1983 and the Fourteenth Amendment to the

Constitution in that, while acting under the color of state law, caused, allowed,

and contributed to the disappearance of the plaintiff, PATRICK ALFORD, JR.,

on or about, January 22nd, 2009, which disappearance is ongoing and continues to

the present time.

158.    Defendants have deprived the plaintiff JAILEANE ALFORD of the

custody, care, society, company, and supervision of her brother, PATRICK

ALFORD.

159.    Defendants were acting in the course and scope of their duties, functions,

and responsibilities as THE CITY OF NEW YORK, THE ADMINISTRATION

FOR CHILDRENS SERVICES, and ST. VINCENTS SERVICES,

INCORPORATED, when said child disappeared.

160.    The actions of Defendants CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS

SERVICES, INCORPORATED, and LIBRADA MORAN were the sole and

proximate cause of the damages alleged herein, with no contribution thereto by

the plaintiff JAILEANE ALFORD.

## SIXTH COUNT

### STATE LAW CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD, AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDREN'S SERVICES, and ST.VINCENTS SERVICES, INCORPORATED,

161.    Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

162.    That the actions of Defendant CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, and ST. VINCENTS

SERVICES, INCORPORATED, in negligently hiring, training, screening,

supervising, managing, assisting, and/or instructing their agents, officials, and

employees, including but not limited to their foster care agencies, foster parents,

and defendant LIBRADA MORAN, did cause the disappearance of plaintiff

Patrick Alford, Jr.

163.    That the actions of these defendants were a proximate cause of the injuries

alleged herein to PATRICK ALFORD with no contribution on the part of plaintiff

herein.

## SEVENTH COUNT

### STATE LAW CLAIM ON BEHALF OF PLAINTIFF, PATRICK ALFORD, JR., AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION

**FOR CHILDREN'S SERVICES, and ST.VINCENTS SERVICES,
INCORPORATED**

164.     Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

165.     That the actions of Defendant CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, and ST. VINCENTS

SERVICES, INCORPORATED, in negligently hiring, training, screening,

supervising, managing, assisting, and/or instructing their agents, officials, and

employees, including but not limited to their foster care agencies, foster parents,

and LIBRADA MORAN, did cause the disappearance of plaintiff PATRICK

ALFORD, JR.

166.     That the actions of these defendants were a proximate cause of the injuries

alleged herein to PATRICK ALFORD, JR., with no contribution on the part of

plaintiff herein.

## EIGHTH COUNT

**STATE LAW CLAIM ON BEHALF OF PLAINTIFF, JAILEANE ALFORD,
AGAINST DEFENDANTS CITY OF NEW YORK, THE ADMINISTRATION
FOR CHILDREN'S SERVICES, and ST.VINCENTS SERVICES,
INCORPORATED**

167.     Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

168.     That the actions of Defendant CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, and ST. VINCENTS

SERVICES, INCORPORATED, in negligently hiring, training, screening,

supervising, managing, assisting, and/or instructing their agents, officials, and

employees, including but not limited to their foster care agencies, foster parents,

and LIBRADA MORAN, did cause the disappearance of plaintiff PATRICK

ALFORD, JR.

169.     That the actions of these defendants were a proximate cause of the injuries

alleged herein to JAILEANE ALFORD, with no contribution on the part of

plaintiff herein.

## NINTH COUNT

### STATE LAW CLAIM ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT LIBRADA MORAN

170.     Plaintiffs repeat, re-allege, and incorporate each and every allegation and

statement set forth in each of the previous paragraphs as though fully set forth

herein.

171.     That the actions of Defendant LIBRADA MORAN, as set forth herein,

did negligently, carelessly, and recklessly cause the disappearance of Patrick

Alford, Jr.

172.     That the actions of the defendant was the proximate cause of the injuries

alleged herein to PATRICK ALFORD, with no contribution on the part of

plaintiff's herein.

35

173.     That the actions of the defendant was the proximate cause of the injuries alleged herein to PATRICK ALFORD, JR., with no contribution on the part of plaintiff's herein.

174.     That the actions of the defendant was the proximate cause of the injuries alleged herein to JAILEANE ALFORD, with no contribution on the part of plaintiff's herein.

## TENTH COUNT

### STATE LAW CLAIM ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT STARRETT CITY, INC.

175.     Plaintiffs repeat, re-allege, and incorporate each and every allegation and statement set forth in each of the previous paragraphs as though fully set forth herein.

176.     That at all times relevant herein, plaintiff PATRICK ALFORD, JR., was lawfully inside defendants premises located at 130 Vandalia Avenue, Brooklyn, New York.

177.     That at all times relevant herein, defendant STARRETT CITY, INC., is and was the owner of 130 Vandalia Avenue, Brooklyn, New York, hereinafter "the premises".

178.     That at all times relevant hereto defendant STARRETT CITY, INC., did operate, manage, control and supervise the premises located at 130 Vandalia Avenue, Brooklyn, New York.

36

179.    As part of this defendant's security and safety services for residents and visitors to the premises, this defendant employed the use of security cameras to record the entry and exit of persons entering and exiting the premises.

180.    Upon information and belief, as part of this defendant's security and safety services for residents and visitors to the premises, this defendant employed the use of security guards to protect the residents and lawful visitors to the premises.

181.    That on or about January 22nd, 2010, Plaintiff PATRICK ALFORD, JR., disappeared from defendants premises at 130 Vandalia Avenue, Brooklyn, New York, and has not been seen since that day.

182.    That upon information and belief, the security cameras in place were not in working order and, therefore, failed to deter or detect the entry and exit of persons entering and exiting the building.

183.    That upon information and belief, the security personnel in this defendants employ failed to safeguard the plaintiff herein.

184.    This defendant owed plaintiff a duty of care to protect the plaintiff from disappearing from within the premises.

185.    That at all times relevant this defendant was on notice that strangers had access to the interior of the building.

186.    That at all times relevant this defendant was on notice that at least one serious crime had occurred within the interior of 130 Vandalia Avenue.

187.    That at all times relevant, despite being aware of the previous failure in security, this defendant still failed to safeguard and protect this plaintiff.

37

188.    This defendant was negligent and breached the duty of care owed to plaintiff on or about January 22nd, 2010 when this defendant allowed the security cameras to remain in a defective condition and allowed plaintiff to disappear from 130 Vandalia Avenue, Brooklyn, New York

189.    This defendant was negligent and breached the duty of care owed to plaintiff on or about January 22nd, 2010 when this defendant's security staff failed to safeguard plaintiff and allowed plaintiff to disappear from 130 Vandalia Avenue, Brooklyn, New York.

190.    That the actions of STARRETT CITY, INC., was the proximate cause of the injuries alleged herein to plaintiff PATRICK ALFORD, with no contribution on the part of plaintiff herein.

191.    That the actions of STARRETT CITY, INC., was the proximate cause of the injuries alleged herein to plaintiff PATRICK ALFORD, with no contribution on the part of plaintiff herein.

192.    That the actions of STARRETT CITY, INC., was the proximate cause of the injuries alleged herein to plaintiff JAILEANE ALFORD, with no contribution on the part of plaintiff herein.

193.    The amount of damages sought in this action exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

194.    As a result of the conduct of defendants the CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN, as set forth herein, the plaintiff, PATRICK ALFORD, has suffered the loss of his child, PATRICK

38

ALFORD, JR., and as a result has suffered, continues to suffer, and will in the future suffer from extreme emotional distress, mental anguish, and psychological and/or psychiatric injuries, which may be of a permanent nature, has and will sustain grievous pain and suffering, has and will require hospital and/or medical expenses, and will sustain lost earning potential.

195.    As a result of the foregoing, plaintiff PATRICK ALFORD has been damaged in a sum in excess of Seventy Five Thousand Dollars.

196.    As a result of the conduct of defendants the CITY OF NEW YORK, THE ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS SERVICES, INCORPORATED, and LIBRADA MORAN, as set forth herein, the plaintiff, PATRICK ALFORD, JR., has been caused to be separated from his father, which separation is continuing, and has suffered the loss of the society of his father, PATRICK ALFORD, and, on information and belief, suffered, continues to suffer, and will in the future suffer from extreme emotional distress, mental anguish, and psychological and/or psychiatric injuries, physical injuries which may be of a permanent nature, has and will sustain grievous pain and suffering, has and will require hospital and/or medical expenses, and will sustain lost earning potential.

197.    As a result of the foregoing, plaintiff PATRICK ALFORD, JR., has been damaged in a sum in excess of Seventy Five Thousand Dollars.

198.    As a result of the conduct of defendants the CITY OF NEW YORK, THE

ADMINISTRATION FOR CHILDRENS SERVICES, ST. VINCENTS

SERVICES, INCORPORATED, and LIBRADA MORAN, as set forth herein, the

plaintiff, JAILEANE ALFORD, has suffered the loss of her brother, PATRICK

ALFORD, JR., and as a result has suffered, continues to suffer, and will in the

future suffer from extreme emotional distress, mental anguish, and psychological

and/or psychiatric injuries, which may be of a permanent nature, has and will

sustain grievous pain and suffering, has and will require hospital and/or medical

expenses, and will sustain lost earning potential.

199.    As a result of the foregoing, plaintiff JAILENE ALFORD has been

damaged in a sum in excess of Seventy Five Thousand Dollars.

**WHEREFORE**, the Plaintiffs demand judgment against the defendants and an award of

damages against said defendants, jointly and severally, on each cause of action, as

follows:

a)  Awarding compensatory damages to the Plaintiff, Patrick Alford, and.

b)  Awarding compensatory damages to the Plaintiff, Patrick Alford, Jr., and

c)  Awarding compensatory damages to the Plaintiff, Jaileane Alford, and

d)  Awarding punitive damages against Defendants, City of New York, and

e)  Awarding punitive damages against Defendants, Administration for
    Children's Services, and

f)  Awarding punitive damages against Defendant St. Vincent's Services,
    Incorporated, and

g)  Awarding punitive damages against Defendant, Librada Moran, and

h)  Awarding punitive damages against defendant Starrett City, and

i)  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to

    costs of the action and attorney's fees, and

j)  Such other and further relief this Court may deem necessary and appropriate,

    including declaratory relief.


Dated:  Staten Island, New York

        3/30/11

                                    Yours, etc.


                                    The Law Firm of James R. Lambert
                                    1491 Richmond Road
                                    Staten Island, New York 10304
                                    Tel. (718) 983-5050
                                    Fax. (718) 983-5088
                                    Email: JRLJRL1@aol.com


41