UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PATRICK ALFORD, SR. and J.A., a minor, by :
J.A. and her guardian *ad litem*, SYDELL MACK, : ORDER
: 11-CV-1583 (LDH)
                                Plaintiffs, :
:
        -against- :
:
CITY OF NEW YORK; ST. VINCENT'S :
SERVICES, INC.; ROBERT SALEMI, :
individually and in his capacity as a Supervisor of :
Child Protective Specialists for the Administration :
of Children's Services; CARLINE ANDERSON, :
individually and in her capacity as a caseworker for :
St. Vincent's Services, Inc.; and ZOILA VILLALTA, :
individually and in her capacity as a supervisor of :
caseworkers for St. Vincent's Services, Inc.; and :
NATALIA ROSADO, individually and in her :
capacity as Child Protective Specialist for the :
Administration of Children's Services, :
:
                                Defendants. :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

       By letter dated October 13, 2017, plaintiff J.A. moves to strike an expert report served by defendants St. Vincent's Services, Inc., Carline Anderson, and Zoila Villalta (the "SVS defendants") on September 29, 2017. Docket Entry 202. The report, which purports to assess the efforts of these defendants "to provide for the care and safety of JA while she was in foster care placement," addresses matters relevant to liability and does not concern damages. Report at 1, Docket Entry 202-2.

       Plaintiff J.A. moves to strike the report on the ground that it was served long after the close of liability discovery on July 28, 2016. The SVS defendants contend, in essence, that plaintiff's assertion that liability discovery was closed on that date is incorrect.

I held a conference with the parties in this action and a related case, *Rodriguez v. Administration for Children's Services, et al.*, 10-cv-4661, on July 28, 2016. During that conference, counsel for plaintiff Alford, who was then also representing J.A., and counsel for the SVS defendants agreed that all discovery was complete with the exception of discovery with respect to J.A.'s damages. Tr. of July 27, 2016 at 7-8, Docket Entry 207. Accordingly, the minute entry for the conference provided that "[d]iscovery is closed with the exception of discovery with respect to the damages claimed by JA." Docket Entry 153.

New counsel appeared on behalf of J.A. at a case management conference held on October 25, 2016. During that conference, counsel for the SVS defendants reiterated that liability discovery was complete, and that only damages discovery remained. Tr. of Oct. 25, 2016 at 5-6, Docket Entry 167. As the minute entry for the conference indicates, I afforded J.A.'s new counsel an opportunity to review the case file and to propose a schedule for conducting further discovery and motion practice. Docket Entry 162. Both the transcript and minute entry for that conference indicate that the Court ruled that J.A. might move to reopen liability discovery, but did not afford that opportunity to any other party. Tr. of Oct. 25, 2016 at 10; Docket Entry 162.

A further case management conference was held on February 24, 2017. As reflected in the transcript of that conference, a letter dated January 30, 2017 submitted by new counsel for J.A. was discussed at that time. Tr. of Feb. 24, 2017 at 7, Docket Entry 208. In that letter, new counsel for J.A. sought leave to retain liability experts and proposed to submit reports of any retained liability experts by April 17, 2017, and for defendants to submit rebuttal liability expert reports by May 19, 2017. J.A. Letter dated Jan. 30, 2017, Docket Entry 171. During the February 24 conference, counsel for SVS agreed to the schedule proposed in J.A.'s letter. Tr. of

2

Feb. 24 at 7. The only additional request made by SVS at that time was to take discovery with respect to J.A.'s damages. Tr. of Feb. 24 at 8 *et seq.* Accordingly, the Court entered a minute entry after the conference that set a schedule for completing briefing with respect to defendants' pending motion for summary judgment on liability and a date for submission of a letter proposing a schedule for conducting damages discovery. Docket Entry 174.

As permitted by the Court, new counsel for J.A. submitted a letter dated March 3, 2017. Docket Entry 176. The opening paragraph of the letter indicates that it is being submitted after all counsel conferred, and explicitly states that it is being submitted to "propose the following schedule for *damages discovery* as to J.A." Letter dated Mar. 3, 2017, at 1 (emphasis added). The schedule proposed in the letter, which calls upon defendants to serve expert reports only after their medical or psychological experts have examined J.A., corroborates that the parties intended to conduct discovery only with respect to damages. Not surprisingly, the Court's Order approving the schedule proposed by the parties reads, "[t]he schedule *for damages discovery* proposed by the parties is approved." Order dated March 9, 2017 (emphasis added).

The SVS defendants seem to argue that the request made by J.A. in her January 30, 2017 letter, seeking leave to serve expert reports by April 17, 2017, somehow opened the door to any party exchanging a liability expert report at any time. Plainly, though, it did not. Liability discovery had closed on July 28, 2016. J.A. was permitted leave to serve a liability expert report by April 17, 2017 only because new counsel had entered on her behalf, and because new counsel entered as a result of the Court's concerns about plaintiff Alford serving as J.A.'s guardian. Defendants were permitted to serve an expert liability report only in rebuttal to any report J.A. served on them. J.A., however, never served a liability expert report. Moreover, had she done so, any rebuttal expert report on behalf of the SVS defendants would have been due to be served

by May 19, 2017. The SVS defendants did not serve their liability expert report, though, until September 29, 2017.

Accordingly, for the reasons stated above, plaintiff J.A.'s motion to strike the liability expert report served by the SVS defendants on September 29, 2017 is GRANTED.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Dated: Brooklyn, New York
10/27/2017

U:\JA 102617 - Final.docx